IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRY QUIRK,[1] | § | |
| | § | No. 362, 2020 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN12-06151 |
| GARY GLANDEN, | § | Petition No. 18-17895 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: June 23, 2021
Decided: July 27, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

### O R D E R

This 27th day of July, 2021, the Court has considered the parties' briefs and the record on appeal, and it has determined that the judgment of the Family Court denying appellant's petition to modify alimony should be affirmed, with one clarification, on the basis of the Family Court's May 20, 2020 Letter, Decision and Order denying appellant's petition and the Family Court's September 20, 2020 Letter, Decision and Order denying appellant's motion for reargument.

After receiving alimony for several years, Terry Quirk ("Wife") filed a petition to modify the Family Court's original alimony order, alleging that she had suffered a real and substantial change of circumstances as a result of her loss of

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

employment, reduced investment income, and increased expenses. Wife contended that this change of circumstances justified an increased alimony award. The Family Court denied Wife's petition, finding that Wife had not met her burden of establishing that she had experienced a real and substantial change of circumstances.

Wife then moved for reargument. Among other issues raised in her motion, Wife argued that her change in economic circumstances exceeded what she labeled as a 15% bright line rule—a purported "rule" used to determine the percentage change in income and expenses that she experienced since the original alimony award—and therefore constituted a substantial change of circumstances sufficient to warrant an increased alimony award. Although no such rule was mentioned in the Family Court's order denying her petition, Wife presumed that the Family Court had applied a 15% bright line rule and argued that because her change of circumstances exceeded that benchmark, the Family Court erred in denying her petition to modify alimony.

In its September 30, 2020 Letter, Decision, and Order denying Wife's motion for reargument, the Family Court observed that Wife's change in circumstances fell "below the 15% bright line rule."[2] Yet as we understand the court's order, although the court referred to a "15% bright line rule" in its order, the court's denial of the

---

[2] Opening Br. at 112.

Wife's petition to modify alimony did not rest on the application of that purported "rule."

We note that, as the Family Court aptly observed in *Jones v. Jones*, a decision this Court affirmed on appeal, when assessing whether an alimony obligee has demonstrated a real and substantial change in circumstances sufficient to justify a modification of a prior alimony order, it will "be difficult to draw the [line] or to establish a precise cut-off between what is substantial enough to meet the burden and what is not."[3] A fair reading of the Family Court's orders in this case indicates that the court did not rely on any such line or "precise cut-off" when it denied Wife's petition. Wife, as the party seeking to modify alimony, had the burden of proof to establish that she had experienced a real and substantial change of circumstances. The Family Court did not abuse its discretion by denying Wife's petition to modify alimony based on its finding that Wife failed to meet that burden.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is affirmed.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *Jones v. Jones*, 1995 WL 788160, at *4 (Del. Fam. Ct. June 2, 1995), *aff'd*, 683 A.2d 59, 1996 WL 526009 (Del. 1996) (TABLE).

3